No. 25-4497

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

---

**GUILLERMO MEDINA-REYES,**

**Petitioner,**

**v.**

**TODD BLANCHE,**
**Acting Attorney General of the United States,**

**Respondent.**

---

**RESPONDENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION**
**Agency No. A205-613-590**

---

Respondent, the Acting Attorney General, through undersigned counsel, respectfully moves to dismiss the petition for review for lack of jurisdiction pursuant to <u>Navarrete v. Bondi</u>, --- F.4th ----, 2026 WL 797428 (9th Cir. Mar. 23, 2026).

### FACTUAL BACKGROUND

The Department of Homeland Security ("DHS") issued a Final Administrative Removal Order ("FARO") for Petitioner Guillermo Medina-Reyes ("Medina Reyes") on December 28, 2021.  Ex. A.  He did not seek judicial review

at the time. Medina Reyes subsequently was placed in withholding-only proceedings. Ex. D at 1. In a decision dated September 2, 2022, the immigration judge denied Medina Reyes' applications for statutory withholding of removal and protection pursuant to the regulations implementing the United States' obligations pursuant to the Convention Against Torture ("CAT"). Ex. D. On January 20, 2023, the Board of Immigration Appeals ("Board") adopted and affirmed the decision of the Immigration Judge. Ex. C.

Medina Reyes filed a petition for review with this Court within 30 days after the Board's January 20, 2023, decision. Pet. For Review, Medina-Reyes v. Garland, No. 23-108 (9th Cir. Jan. 20, 2023), Dkt. No. 1; see Ortiz-Alfaro v. Holder, 694 F.3d 955, 958 (9th Cir. 2012) abrogated by Riley v. Bondi, 606 U.S. 259, 266-69 (2025). The Board, on March 29, 2023, granted a joint motion to reopen and remanded the case to the immigration judge for further proceedings. Ex. B. Accordingly, this Court granted Medina Reyes' motion for voluntary dismissal. Order, Medina-Reyes, No. 23-108 (9th Cir. Apr. 6, 2023), Dkt. No. 15.

This petition for review followed after the Supreme Court issued Riley on June 26, 2025.[1]

---

[1] Respondent moved to summarily deny the petition for review as untimely. Motion, Medina-Reyes v. Bondi, No. 25-4497 (9th Cir. Aug. 19, 2025), Dkt. No.

2

## ARGUMENT

### THIS COURT SHOULD DISMISS THE PETITION FOR REVIEW FOR LACK OF JURISDICTION

This Court's jurisdiction is limited to final orders of removal.  See 8 U.S.C. § 1252(a); Lopez-Ruiz v. Ashcroft, 298 F.3d 886, 887 (9th Cir. 2002).  An order of removal is defined as "the order of the special inquiry officer, or other such administrative officer to whom the Attorney General has delegated the responsibility for determining whether an alien is deportable, concluding that the alien is deportable or ordering deportation."  8 U.S.C. § 1101(a)(47)(A).

In Riley, the Supreme Court concluded that "[a]n order denying relief under the CAT is not a final order of removal and does not affect the validity of a previously issued order of removal or render that order non-final."  606 U.S. at 269.  Applying Riley, this Court concluded that it lacked jurisdiction to review a challenge to the denial of CAT protection that was independent of a challenge to final order of removal.  Navarrete v. Bondi, --- F.4th ----, 2026 WL 797428 *5 (9th Cir. Mar. 23, 2026).  This Court further clarified that the challenge to the removal order must be "colorable."  Id. at *7.

---

8.  The motion was subsequently denied but this Court held the case in abeyance pending a precedential decision on timeliness.  Order, Medina-Reyes v. Bondi, No. 25-4497 (9th Cir. Jan. 15, 2026), Dkt. No. 13.

3

The decision in <u>Navarrete</u> controls the outcome here. As Medina-Reyes repeatedly acknowledges, he is pre-emptively challenging the potential denial of his requests for withholding of removal and CAT protection in withholding-only proceedings. <u>See</u> Pet. for Review, <u>Medina-Reyes v. Bondi</u>, No. 25-4497 (9th Cir. July 21, 2025), Dkt. No. 1 at 2, 4. <u>Navarrete</u> makes clear, however, that a withholding-only decision will not be a final order of removal and can only be reviewed in conjunction with a final order of removal. <u>Navarrete</u>, 2026 WL 797428 at *5; <u>see</u> <u>Johnson v. Guzman Chavez</u>, 594 U.S. 523, 540, (2021) (concluding that withholding-only proceedings do not render a removal order non-final). Here, Medina-Reyes does not challenge the validity of the FARO, a final order of removal, in any manner. <u>See</u> Pet. for Review, <u>Medina-Reyes v. Bondi</u>, No. 25-4497 (9th Cir. July 21, 2025), Dkt. No. 1. Thus, Medina-Reyes is not raising a colorable challenge a final order of removal. <u>Navarrete</u>, 2026 WL 797428 at *7. Accordingly, as Medina-Reyes is not challenging a final order of removal, this Court lacks jurisdiction over the petition for review where Medina-Reyes challenges a potential future denial in withholding-only proceedings. <u>Navarrete</u>, 2026 WL 797428 at *5.

4

## **CONCLUSION**

The Court should dismiss the petition for review for lack of jurisdiction.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ANTHONY C. PAYNE
Assistant Director


 s/ Andrew Oliveira
ANDREW OLIVEIRA
Trial Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 878 Ben Franklin Station
Washington, D.C.  20044
(202) 305-8570

Dated: April 7, 2026    ATTORNEYS FOR RESPONDENT

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Federal Rule of Appellate Procedure 27(d), I hereby certify that

the foregoing is proportionally spaced using Times New Roman typeface, has a

typeface of 14 points, and contains 725 words.


           s/ Andrew Oliveira

           ANDREW OLIVEIRA

           Trial Attorney

Dated: April 7, 2026

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on the 7th of April, 2026, I filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using ACMS. Participants in the case who are registered with ACMS will be served by ACMS.

<u>s/ Andrew Oliveira</u>
ANDREW OLIVEIRA
Trial Attorney